**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Anthony Leon Campbell, | ) |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **FOR DENIAL OF "PETITION** |
| | ) **TO COMPEL COURT"** |
| Chuck Barney, Mayor of Minot, Leann Bertsch, Director, Department of Corrections and Rehabilitation, Steve Kukowski, Sheriff and Jail Commissioner, Ward County, and Paul Othoff, Commander, Ward County Jail, | ) Case No. 4:15-cv-141 |
| Defendants. | ) |

Before the court is a "Petition to Compel Court" filed by plaintiff on April 11, 2016. For the reasons set forth below, it will be recommended that the petition be denied.

I. **BACKGROUND**

Plaintiff was a pretrial detainee at the Ward County Jail when he initiated this action in November 2015 against Kukowski, Othoff, and others. He asserted in his complaint that: (1) conditions at the Ward County are unsanitary; (2) staff denied him access to legal materials; (3) staff eavesdropped on his conversations with counsel; (4) staff abused their authority and otherwise harassed him; and (5) staff censored and/or "lost" his outgoing mail.

Following an initial screening of plaintiff's complaint as mandated 28 U.S.C. § 1915A, the undersigned issued a report recommending that the court dismiss all of plaintiff's claims except those that he had asserted against Kukowski and Othoff regarding the conditions of confinement, specifically, his alleged exposure to toxic black mold, unsanitary bedding, unsanitary clothing, and contaminated drinking water. The court adopted the undersigned Report and Recommendation over

1

plaintiff's objection on April 5, 2016. The Clerk's office is in the process of effectuating service on Kukowski and Othoff.

On April 11, 2016, plaintiff filed a document captioned "Petition to Compel the Court." Therein, he identified what he considers to be the "core issues" in this case, to wit: (1) staff's discrimination against non-white detainees; (2) staff's censorship of his outgoing mail; (3) the conditions of his confinement; and (4) the ongoing harassment/retaliation by staff. He concludes by requesting that the court "make this a front burner matter." (Docket No. 14).

**II. DISCUSSION**

While plaintiff's petition is brought in the above-captioned case, almost all of what plaintiff complains about is beyond what the court authorized plaintiff to sue for *in this case*. Also, it is not a pleading recognized by the Federal Rules of Civil Procedure.

More particularly, in terms of this case:

- The petition does not purport to be a motion seeking reconsideration of the court's prior screening order issued pursuant to 28 U.S.C. § 1915A. Further, even if that is what plaintiff wants and the court decided to reconsider, what plaintiff would be allowed to sue for would be limited to his initial complaint and some of what is in the current petition goes beyond that.

- The petition is also not a motion to amend the complaint, which requires a motion to amend, a proposed amended complaint, and service of the motion upon any of the defendants if they filed appearances.[1]

---

[1] If plaintiff moves to amend his complaint, he should be aware that the court may look unfavorably upon any proposed amendment that simply repeats what the court has already screened out in this action. Further, the court may look unfavorably upon a request to add new unrelated matters. In the past, this court has been unwilling to allow one action to become a vehicle for a prisoner to litigate every new point of disagreement that he or she may have about his

2

- The petition does not purport to be a motion for preliminary injunction requesting immediate relief. But, even if that is what is intended, it would be limited to what the court has authorized plaintiff to sue for in this action, which is limited to his alleged exposure to toxic black mold, unsanitary bedding, unsanitary clothing, and contaminated drinking water. And, with respect to these matters, the petition does not make a sufficient showing for the granting of preliminary relief.

Finally, the petition is obviously not a new complaint since it is styled as a petition and has been filed in this action. [2]

## III. RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that plaintiff's Petition to Compel Court" (Doc. No. 14) **BE DENIED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond. Because Campbell is incarcerated the deadline for filing

---

confinement after the lawsuit has been commenced, and, instead, has required that a separate actions to be filed for new unrelated matters. This is because allowing multiple amendments with respect to unrelated matters subverts the policies of the Prisoner Litigation Reform Act ("PLRA"), including its "three strike" provisions and its requirement that plaintiff pay a filing fee for each suit, even if it is only in installments from his jail account.

[2] If plaintiff wants to file a new complaint, he needs to go through the same process he did in commencing this case, for which a filing fee will be assessed and will have to be paid from his prisoner account, even if only on installments, with that obligation continuing to follow plaintiff to any new place of incarceration, including, for example, the NDSP if he is sentenced to serve time there. Also, any new complaint will be subject to a screening as mandated by 28 U.S.C. § 1915A and also, potentially, the "three strikes" limitation on suits filed by an individual prisoner, codified at 28 U.S.C. § 1915(g). At this point, plaintiff may have already accumulated one strike for his prior complaint alleging violations of antitrust by the Ward County jail with respect to the operation of its commissary that the court determined failed to state a claim.

objections shall be extended to May 30, 2016.

Dated this 26th day of April, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court